# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

John Wertymer

                     Plaintiff,

v.                                    Case No.: 1:23–cv–14700

                                            Honorable Lindsay C. Jenkins

Walmart, Inc.

                     Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 12, 2023:

      MINUTE entry before the Honorable Lindsay C. Jenkins: Plaintiff filed this putative class action on October 10, 2023 and moved for class certification the next day [4], before Defendant appeared or any discovery was conducted. That motion is stricken as premature, and the Court reminds Plaintiff's counsel of their Rule 11 obligations, which include not misrepresenting cases or making frivolous legal arguments. Plaintiff's motion cites Szabo v. Bridgeport Machines, Inc. 249 F.3d 672, 676 (7th Cir. 2001), for the proposition that "[w]hen deciding a motion for class certification, courts deem as true all of the substantive allegations of the complaint and only make the necessary factual and legal inquiries to determine if class certification is proper." [Dkt. [4] at 2.] Szabo, in fact, says the opposite: "The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it. [S]imilarity of claims and situations must be demonstrated rather than assumed." 249 F.3d at 276–77. Szabo is no anomaly. The Seventh Circuit has repeatedly rejected the notion that class certification can be based on allegations; a plaintiff must go beyond the pleadings and rely on evidence in the record to support certification. E.g., Eddlemon v. Bradley Univ., 65 F.4th 335, 338–39 (7th Cir. 2023); Howard v. Cook Cnty. Sheriff's Off., 989 F.3d 587, 597–98 (7th Cir. 2021). Additionally, while Plaintiff is correct that Damasco v. Clearwire Corp. explained that a plaintiff may move for class certification immediately and the Court can delay ruling on that motion [Dkt.[4] at 1 n.1], the reason the Seventh Circuit suggested this tactic was to avoid a mootness problem under then–existing circuit precedent. 662 F.3d 891, 895–97 (7th Cir. 2011). But the Seventh Circuit overruled that precedent in Chapman v. First Index, Inc., 796 F.3d 783, 786–87 (7th Cir. 2015), eliminating the jurisdictional reason to move for class certification prematurely. Perhaps sometimes it may be proper to move for class certification shortly after a complaint is filed, but such a motion would need to be based on a nonfrivolous argument that the rigorous standards for class certification have been satisfied. See Eddlemon, 65 F.4th at 338–39; Fed. R. Civ. P. 11(b)(2). Plaintiff's motion, which relies only on his allegations, does not come close. The Court expects full compliance with Rule 11 in the future. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.